## Rinker v. Malina

*Eric Swan*, for plaintiff.
*Andrew H. Dowling*, for defendant.

HORN, *J.*, June 27, 1986 —The matter is before the court on defendant York Hospital's motion for sanctions.

This action was commenced by the filing of a writ of summons on March 2, 1984. Plaintiff's complaint was filed on April 23, 1984, wherein he alleged negligence in his treatment and care by defendant.

On June 28, 1984, defendant served interrogatories on plaintiff. One year later, and after a motion for sanctions pursuant to Pa.R.C.P. 4019, plaintiff answered the interrogatories.

Defendant alleges that plaintiff has failed to answer the expert interrogatories 62A-62F. These interrogatories request the names and reports of plaintiff's expert witnesses who are expected to testify at trial. Plaintiff answered these interrogatories by stating that "plaintiff has not yet retained an expert. Plaintiff will supplement this response with the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony as required by Pa.R.C.P. 4003.5(a)(1)." Plaintiff claims that he has not retained an expert despite this action being over two years old.

Pa. R.C.P. 4003.5(a)(1) provides that if a party in their answer to interrogatories states that they have not yet retained an expert, they are under a duty to supplement their answer.

Pa.R.C.P. 4019(a)(1)(i) provides for sanctions when a party fails to serve answer or sufficient answers. In *Royster v. McGowan Ford Inc.*, 294 Pa. Super. 160, 439 A.2d 799 (1982), the court stated that "assuming that a party has not acted in bad faith and has not misrepresented the existence of an expert expected to be called at trial, no sanction should be imposed unless the complaining party shows that he has been prejudiced form properly preparing his case for trial." The question, there-

fore, is whether defendants have shown such prejudice so as to justify the imposition of sanctions.

In the case of *Finocchio v. Pheasant,* (affirmed by Superior Court, 1985), the court was faced with a factually similar matter where plaintiff failed to provide defendant with an expert approximately two years after the action was commenced. The trial court in *Finocchio* stated that, "it could only conclude that plaintiff could not or would not come up with an expert." The court went on to say:

"A trial court either has the right to make reasonable efforts to expedite litigation, which includes the ability to terminate litigation if parties do not comply with the rules of civil procedure or otherwise seek relief upon a claim of extenuating circumstances, or plaintiffs have the ability to drag cases on indefinitely or force defendant to prepare for a medical malpractice defense and actually show up. for trial before we can enter a dismissal upon a showing or prejudice for failure to provide discovery as provided for by the rules of civil procedure. When the court exercises reasonable discretion in using the rules of civil procedure to expedite litigation and a litigant repeatedly does nothing in response, we believe that the imposition of the sanction of the exclusion of evidence or testimony provided for in Pa.R.C.P. 4019(a)(2) is appropriate."

The Superior Court in *Finocchio* approved of the trial court's exercise of reasonable discretion in using the rules of civil procedure to expedite litigation and the imposition of sanctions. The court states:

"This argument is not responsive to the trial court's point that prejudice to a defendant does result when an action is dragged on, for no apparent reason leaving defendant both under the cloud of action and uncertain whether to incur the contin-

ued expense of preparing a defense, while at the same time being unable to prepare an intelligent defense because of plaintiff's repeated and unexplained refusal to state the basis of the action."

Therefore, defendant's motion for sanctions is granted.

## ORDER

And now, this June 27, 1986, defendant's motion for sanctions is granted. Plaintiff is hereby ordered to file full and complete answers to interrogatories 62A-62F within 30 days from the date of this court's order or be precluded from introducing evidence at trial against defendant York Hospital concerning information requested in the interrogatories pursuant to Pa.R.C.P. 4019(c)(2).